```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

TERRIA MICHELLE THOMAS,      )
                             )
          Plaintiff,         )
                             )
v.                           )     Case No. CIV-15-329-JHP-KEW
                             )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social       )
Security Administration,     )
                             )
          Defendant.         )
```

## REPORT AND RECOMMENDATION

Plaintiff Terria Michelle Thomas (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 11, 1970 and was 43 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a sheet metal worker. Claimant alleges an inability to work beginning July 10, 2012 due to limitations resulting from COPD, acute bronchitis, carpal tunnel syndrome, medial epicondylitis, sciatica, depression, anxiety, and abnormal personality traits.

**Procedural History**

On July 10, 2012, Claimant protectively filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 12, 2013, Administrative Law Judge James Bentley ("ALJ") conducted a hearing in McAlester, Oklahoma. On April 9, 2014, the ALJ issued an unfavorable decision. On July 8, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the opinion of the psychological consulting professional who assessed Claimant's social capabilities.

**Consideration of the Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the

severe impairments of obesity, bilateral carpal tunnel syndrome, COPD/chronic bronchitis, chronic back pain syndrome, back and left leg pain, depression, anxiety, cluster B traits, and cannabis abuse. (Tr. 11). The ALJ concluded that Claimant retained the RFC to perform less than a full range of sedentary work. In so doing, he found Claimant could lift/carry ten pounds occasionally and less than ten pounds frequently, was able to stand/ walk for about two hours in an eight hour workday, and was able to sit for about six hours in an eight hour workday. The ALJ also found Claimant could occasionally but not constantly use her upper extremities bilaterally. She must avoid concentrated exposure to dust, fumes, and poorly ventilated areas. Claimant requires a sit/stand option, with no more than one change in position every half hour and without leaving her workstation. Claimant was limited by the ALJ to simple tasks with routine supervision. (Tr. 14).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of call-out operator, surveillance system monitor, and election clerk, all of which the ALJ concluded existed in sufficient numbers both regionally and nationally. (Tr. 24). As a result, the ALJ found Claimant was not disabled since July 11, 2012. (Tr. 25).

Claimant challenges the ALJ's evaluation of the opinion of Dr. Ruth Ann Mertens, a consultative psychologist. On February 19,

5

2013, Dr. Mertens completed a mental RFC assessment of Claimant. Dr. Mertens concluded in the area of social interaction limitations that Claimant could relate to co-workers and supervisors on a superficial work basis and should have limited contact with the general public. (Tr. 98). The ALJ's analysis of this opinion consists of the following:

> I give only some weight to this opinion. While I find the limitation with regard to performing tasks is well-supported by the medical evidence of record, she did not report difficulty in social interaction, nor was such found on examination, to support the degree of limitation the State Agency consultants found in this regard.

(Tr. 21).

Factually, the ALJ's statement of no report by Claimant of difficulty in social interaction is inaccurate. On March 21, 2012, Claimant reported to the Creoks Mental Health Services facility that she experienced panic attacks about 2-3 times a week, lasting 10-20 minutes of moderate to severe intensity such that she did "not want to leave her house." (Tr. 432, 441). She also described her social interaction limitations as she "tends to stay home and stay away from people to not make other people sad . . . ." (Tr. 433). It was noted in the record that she was withdrawn in her interpersonal interactions, setting forth that "Client indicate (sic) tends to stay home and stay away from people to not make other people sad and this is almost 7 out of 7 days, 18 hours, moderate/severe intensity,

6

impact interfering with her having a life and being 'me' again." Her Client Assessment Record ("CAR") score in the area of interpersonal interaction was a 39, which is indicative of the uppermost range for moderate to severe limitations. (Tr. 425; *see*, Oklahoma Foundation for Medical Quality Medicaid Pre-Authorization Program and the Oklahoma Health Care Authority, <u>Outpatient Behavioral Health Provider Manual</u>, pp. 62-71 (August 2005).

Defendant's repeated assertions in the briefing that Claimant did not allege mental limitations is belied by the fact that the ALJ found severe mental impairments at step two. Since Dr. Mertens' findings on restrictions in social interaction with the public finds support in the medical record, the ALJ will be required to re-examine the RFC to determine whether further restrictions in interactions with the general public is warranted. The ALJ's failure to include the restriction is not considered harmless error since the three jobs identified by the vocational expert all require a degree of interaction in their function.

*Dictionary of Occupational Titles,* §§ 205.367-030, 237.367-014, 379.367-010.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of February, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE