IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
TERRIA MICHELLE THOMAS,           )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-15-329-JHP-KEW
                                  )
NANCY A. BERRYHILL, Acting        )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )
```

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #23) and Supplement to Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #26) filed by Troutman & Troutman, P.C., counsel for Plaintiff. These Applications were referred to the undersigned for the entry of Findings and a Recommendation by United States District Judge James Payne who presides over this case. By Order and Judgment entered March 13, 2017, Judge Payne reversed the decision of the Commissioner to deny Plaintiff's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Plaintiff seeks attorney's fees for 20.40 hours of time expended by his attorney at the stipulated fee rate and 4.30 hours for counsel's paralegal for a total request of $4,362.60 under the authority of the Equal Access to Justice Act ("EAJA"). Through the Supplement, Plaintiff requests an additional $495.00

representing 3.0 hours expended in the preparation of the reply in connection with this EAJA fee request. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ was reasonable in concluding that the evidence did not support a finding of social limitations. While the Commissioner

alleges that the medical opinion evidence did not support a finding of such limitations, the ALJ did not rely upon opinion evidence to reject social limitations despite finding mental impairments at step two. Instead, the ALJ relied upon the fact Plaintiff had not claimed mental limitations - a position that was belied by the finding at step two. The Commissioner's *post hoc* justification for the ALJ's position does not support a finding of substantial justification.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #23) and Supplement to Application (Docket Entry #26) be **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $4,857.60.[1]

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

---

[1] In various points in the Application and Supplemental Application, Plaintiff requests a total award of $4,957.00 and $6,163.20. However, the appropriate amount supported by the records accompanying the requests is $4,857.60.

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court.

IT IS SO ORDERED this 30th day of April, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE